Jackie McCANN, Plaintiff,

v.

FAIRFAX COUNTY GOVERNMENT,
Defendant.

No. CIV. A. 97–1514–A.

United States District Court,
E.D. Virginia,
Alexandria Division.

April 10, 1998.

Claude David Convisser, Alexander, VA, Stanley I. Osborne, Jr., Law Offices of David A. Branch, Washington, DC, for Plaintiff.

Cynthia L. Tianti, Asst. County Atty., Fairfax, VA, for Defendant.

## MEMORANDUM OPINION

BRYAN, District Judge.

Plaintiff brings this action against defendant, her employer, under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, as amended, and 42 U.S.C. § 1983 (" § 1983"), alleging racial discrimination (Count I) and retaliation (Count III).[1] Plaintiff, a black woman, has worked for defendant since 1990 in various jobs with defendant's residential programs for mentally retarded adults. In her complaint, plaintiff describes six incidents of discrimination and retaliation.

### The 1994 Grievance

In 1994, plaintiff reprimanded a subordinate employee. The employee subsequently filed an internal grievance regarding plaintiff's reprimand pursuant to defendant's grievance procedure. The employee's reprimands were eventually overturned. Plaintiff then filed her own internal grievance, as well as a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") in which she alleged that she was being discriminated against by not being allowed to perform her supervisory duties. The grievance and EEOC charge were resolved by a settlement agreement entered into by plaintiff and defendant on June 19, 1995. The agreement expressly states that it is "to be the final disposition of all claims pertaining to [plaintiff's] grievance." *See* Settlement Agreement of January 19, 1995, p. 2, Defendant's Summary Judgment Exhibit 3.

### The February 1995 Reassignment

In February 1995, plaintiff was employed as a Project Manager at one of the residential facilities defendant operates. After the parents of a client in that facility complained about plaintiff, she was reassigned to another residential facility. Plaintiff's reassignment did not involve any demotion; she maintained her position as Program Manager at the new facility.

### The January 17, 1996 Reprimand

Plaintiff's supervisor at the residential facility to which she had been reassigned directed her to consult with him before taking disciplinary actions against a staff member. Plaintiff failed to comply with this direction, and, on January 17, 1996, she was orally reprimanded for her noncompliance. The following day, on January 18, 1996, plaintiff filed a charge with the EEOC in which she alleged retaliation by defendant. Plaintiff did not make any claims of discrimination in the January 18, 1996 EEOC charge.

### The April 10, 1996 Performance Evaluation

On April 10, 1996, plaintiff received her annual performance evaluation in which her overall job performance was rated as "exceeding agency minimum standards." This rating entitled plaintiff to a five-percent merit pay raise. Plaintiff, who was unhappy with the criticisms contained in the evaluation, filed an internal grievance.

### The May 17, 1996 Reprimand

On May 17, 1996, plaintiff received a written reprimand concerning the manner in which she handled a staffing shortage. Plaintiff filed a internal grievance regarding the reprimand.

### The June 3, 1996 Reassignment

After plaintiff refused to participate in meetings intended to improve the tense relations between plaintiff and her staff, plaintiff was reassigned from her position as Program Manager at a residential facility to a position as a Case Manager at defendant's Mental Retardation Case Management Services. The Case Manager position required the same qualifications as the Program Manager position, and the two positions were at the same pay and grade level. The reassignment led plaintiff to file another internal grievance.

Plaintiff's grievances concerning the January 17, 1996 and May 17, 1996 reprimands, the April 10, 1996 performance evaluation,

---

1. By Stipulation and Order entered November 7, 1997, plaintiff's claims in Count II (intentional infliction of emotional distress), all claims in Counts I and II under the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*, and all claims for punitive damages were dismissed with prejudice.

and the June 3, 1996 reassignment were heard by the Fairfax County Civil Service Commission (the "Commission"). In its decision of May 27, 1997, the Commission found that (i) the reprimands plaintiff had received on January 17, 1996 and May 17, 1996 were appropriate; (ii) the April 10, 1996 performance evaluation should stand; and (iii) plaintiff's June 3, 1996 reassignment to the position of Case Manager was proper. *In re: The Grievance Appeal of Jackie H. McCann,* Slip Op. at 5–6, Civil Service Commission of Fairfax County, Virginia (May 27, 1997).

In the motion presently before the court, defendant seeks an entry of summary judgment pursuant to Fed.R.Civ.P. 56. Summary judgment is appropriate when "there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). For the reasons set forth below, defendant is entitled to summary judgment on all of plaintiff's claims.

### The 1994 Grievance

Plaintiff entered into a settlement agreement on January 19, 1995 which finally resolved and disposed of all claims pertaining to this grievance. The validity of that agreement has not been challenged in this proceeding. Thus, the agreement precludes plaintiff from bringing a claim concerning the 1994 grievance in this court.

### The § 1983 Claims

■ When a state agency acts in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate, federal courts must give the agency's findings the same preclusive effect which those findings would be given in state court. *University of Tennessee v. Elliott,* 478 U.S. 788, 799, 106 S.Ct. 3220, 92 L.Ed.2d 635 (1986) (citation omitted). Relying on *University of Tennessee v. Elliott,* the United States Court of Appeals for the Fourth Circuit has ruled that the findings of a Virginia public employee grievance panel are entitled to preclusive effect in an action under § 1983 in federal

court. *Layne v. Campbell County Dept. of Social Services,* 939 F.2d 217, 219–221 (4th Cir.1991). Accordingly, the Commission's findings as to plaintiff's grievances operate preclusively on the § 1983 claims she makes in this court.

■ To the extent that plaintiff's previous allegations of threats against the Commission and witness intimidation are raised in this motion, those allegations have been refuted. Defendant has offered evidence that, even if threats were made, which it disputes, those threats did not improperly influence the Commission's decision. Defendant has also presented evidence that witnesses testifying before the Commission were not harassed. Plaintiff has come forward with nothing to rebut such evidence. This court therefore has no basis to deny preclusive effect to the Commission's findings, and summary judgment as to plaintiff's § 1983 claims is proper.

■ The entry of summary judgment as to the § 1983 claims is also warranted because plaintiff has failed to establish municipal liability under § 1983. A municipality is only liable under § 1983 if the plaintiff can show that the alleged constitutional violation was inflicted as part of a policy or custom of the municipal government. *Monell v. New York City Dept. of Social Services,* 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Because plaintiff here has not made any showing of a "policy or custom," there is no basis to hold defendant liable under § 1983.

### The Title VII Claims

### The Claims of Discrimination

■ Before a federal court can assume jurisdiction over a Title VII claim, the plaintiff must exhaust her administrative remedies. *Davis v. North Carolina Dept. of Correction,* 48 F.3d 134, 137 (4th Cir.1995). The charge which plaintiff filed with the EEOC on January 18, 1996 only alleged retaliation; it did not contain any claims of discrimination. Plaintiff, therefore, has exhausted her administrative remedies only as to her claims of retaliation. Because she has not exhausted her administrative remedies for any Title VII claims of discrimination, this court may not entertain those claims.

### The Claims of Retaliation

To establish a prima facie case of retaliation, plaintiff must show that she engaged in protected activity, that defendant took adverse employment action against her, and that a causal connection exists between the protected activity and the adverse employment action. *Carter v. Ball,* 33 F.3d 450, 460 (4th Cir.1994). Once she has made out a prima facie case of retaliation, the burden shifts to defendant to articulate a legitimate, non-discriminatory reason for the challenged employment actions. *Id.* If the defendant proffers such a reason, plaintiff cannot prevail unless she shows that the defendant's articulated legitimate reason is pretextual. *Id.*

■ Plaintiff has failed to establish a prima facie case of retaliation with respect to the various incidents about which she complains because she has failed to show that she suffered any adverse employment action. When plaintiff was reassigned to a different residential facility in February 1995, she maintained the same position of Program Manager. The fact that plaintiff was working at a new location is not sufficient to constitute adverse action. Plaintiff has not shown that the reprimands which she received on January 17, 1996 and May 17, 1996 resulted in any adverse action; the terms or conditions of her employment remained unchanged. While the performance evaluation which plaintiff received on April 10, 1996 may have contained criticisms of certain aspects of plaintiff's job performance, her overall evaluation entitled her to a five-percent merit pay raise. A pay increase obviously is a benefit, not an adverse action. Finally, the June 3, 1996 reassignment of plaintiff to a case manager position was not an adverse action because plaintiff remained at the same pay and grade level.

■ Even assuming that plaintiff had established that she suffered adverse employment action, her retaliation claims still fail. Defendant has come forward with legitimate non-discriminatory reasons for its actions, and plaintiff has not shown those reasons to be pretextual. Defendant reassigned plaintiff in February 1995 after it received complaints from the parents of a client at the facility where plaintiff worked. Because the reassignment was intended to address those parental complaints, it was based on a legitimate, non-discriminatory reason.

Defendant has also articulated a valid reason for the reprimands which plaintiff received on January 17, 1996 and May 17, 1996, as well as the criticisms of plaintiff's performance included in her evaluation of April 10, 1996. As an employer, defendant has a legitimate business interest in clearly setting forth its job expectations of its employees and in advising its employees in the areas in which they need improvement. Plaintiff has offered nothing to indicate that these business interests were not behind the reprimands or job performance criticisms she received.

Plaintiff's reassignment to a case manager position is founded in non-discriminatory reasons. The relations between plaintiff and her staff at the residential facility where she was serving as Program Manager were marked by great tension, which the Commission noted to be detrimental to the care received by the clients. *In re: The Grievance Appeal of Jackie McCann,* Slip Op. at 5. Plaintiff had refused to participate in meetings designed to address the problems between plaintiff and her staff. In order to relieve employee tension at the residential facility, which is a valid motive, defendant reassigned plaintiff to a case manager position.

Plaintiff, therefore, has not only failed to make out a prima facie case of retaliation, but she has also failed to rebut the legitimate reasons articulated by defendant for its actions. Defendant is entitled to judgment as a matter of law on plaintiff's claims of retaliation under Title VII.

### Conclusion

Plaintiff has failed to establish an actionable claim of discrimination or retaliation under either § 1983 or Title VII. Summary judgment thus is proper.

The court accordingly grants defendant's motion pursuant to Fed.R.Civ.P. 56.

*ORDER*

This matter is before the court on the defendant's motion for summary judgment pursuant to Fed.R.Civ.P. 56. For the reasons set forth in the Memorandum Opinion this day filed, it is hereby

ORDERED that defendant's motion is granted, and this case is dismissed with prejudice.